```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,         :
                               :
        Plaintiff              :
                               :
        vs.                    :    CIVIL NO. 1:CV-06-0823
                               :
DAUPHIN COUNTY PRISON, et al., :
                               :
        Defendants             :
```

M E M O R A N D U M

I.   *Introduction.*

Nathan Charles Griggs, an inmate at USP-Allenwood, Pennsylvania, filed a pro se civil-rights complaint arising from several incidents that happened while he was incarcerated at the Dauphin County Prison from November 2003 until December 14, 2004. After several preliminary reviews of the complaint, on December 13, 2006, we decided the case should proceed on the following constitutional claims: (1) the claim against Dennis Stewart, identified in the complaint as the major of security, that he kept Plaintiff in a restraint chair for two hours without a break; (2) the claim against defendant Hewitt for placing Plaintiff in a restraining chair; (3) the claims against defendants Hammer and Manny Rhoads for excessive force; and (4) the claim against PrimeCare Medical, Inc for improper medical care.

We are considering the motion to dismiss of defendant PrimeCare under Fed. R. Civ. P. 12(b)(6). In deciding such a

motion we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The complaint requires only a "short and plain statement" to show the right to relief, "not a detailed recitation of the proof that will in the end establish such a right." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 564 (3d Cir. 2002). Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

II.   *Background*.

The complaint makes the following allegations against PrimeCare. When Plaintiff came to Dauphin County Prison, he told them he had an appointment to see a specialist for his shoulder (presumably made before he was incarcerated). They told him he had a sprain and then said bursitis. Nothing was done to get him outside help until about September 16, 2004, and then it was only a phone call to the U.S. Marshals Office, which told PrimeCare's medical receptionist that they would not give their permission for him to go for outside treatment because they were coming for him soon. However, they did not come until December 8, 2005. Plaintiff

did finally get outside treatment on November 16, 2004, and his shoulder was shown to have healed in an awkward manner. Plaintiff avers that if he had had "treatment in the proper way," he would not be as "limited" as he is. (Compl., pp. 6-7 (under "Defendant 16").

III. *Discussion*.

To state an Eighth Amendment claim for the denial of medical treatment in prison, the plaintiff must allege that (1) he had a serious medical need, and (2) the defendant was deliberately indifferent to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id*. at 107, 97 S.Ct. at 293. However, persisting in an ineffectual treatment might be a civil-rights claim. *Rouse, supra,* 182 F.3d at 197.

Among other things, Defendant argues that the complaint fails to state an Eighth Amendment medical claim because Plaintiff admits that he received treatment but complains only about not getting treatment "in the proper way."

In his opposition brief, Plaintiff provides more detail about his claim. He asserts that when he entered the prison on September 28 or 29, 2003, he informed the nurse, Mary Ellen "Doe," that his shoulder was broken and that he had an appointment to see a specialist. At this time, he was also seen by physician's assistant, Doug "Doe," and by Dr. Jackson. He showed the physician's assistant and the doctor his complete loss of power and mobility and a bone disfigurement that stuck out about two inches.

Plaintiff was x-rayed but at the wrong part of the shoulder, so the x-ray did not indicate anything wrong. Plaintiff could feel that his shoulder was broken and continued to complain. Finally, on April 14, 2004, Dr. Jackson told him he would be seen outside the prison. On June 1, 2004, Plaintiff filed a grievance with deputy warden Betsy Nichols. He was told he would see a doctor on June 6, 2004. Plaintiff continued to complain. He asked the medical receptionist, Carly "Doe," if she had heard anything. She told him the U.S. marshals said they were coming to get him soon, about September 16, 2004. In October 2004, Plaintiff could feel a hard lump forming in his shoulder area. In November 2004, Plaintiff was taken to the Hershey Medical Center, and it was immediately noted that something was wrong with his shoulder.

Plaintiff argues that PrimeCare's failure to treat him for thirteen months indicates deliberate indifference. We agree that the allegations in Plaintiff's opposition brief survive a

4

motion to dismiss. Normally, we would require an amended complaint, but because this case has been pending since April 2006, we will deny defendant Prime Care's motion to dismiss, allow it to answer the complaint, but advise the parties to conduct discovery on the basis of the allegations in the opposition brief.

    We will issue an appropriate order.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge

Date: July 6, 2007

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NATHAN CHARLES GRIGGS,           :

          Plaintiff              :
                                 :
          vs.                         CIVIL NO. 1:CV-06-0823
                                 :
DAUPHIN COUNTY PRISON, et al.,   :

          Defendants             :
```

*O R D E R*

AND NOW, this 6th  day of July, 2007, it is ordered that:

    1.  The motion (doc. 23) to dismiss of defendant, PrimeCare Medical, Inc., is denied.

    2.  PrimeCare shall answer the allegations in the complaint, but the parties should conduct discovery on the basis of the allegations in the opposition brief.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge