```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,         :
                               :
        Plaintiff              :
                               :
        vs.                    :     CIVIL NO. 1:CV-06-0823
                               :
DAUPHIN COUNTY PRISON, et al., :
                               :
        Defendants             :
```

M E M O R A N D U M

I.   *Introduction*.

Nathan Charles Griggs, an inmate at USP-Allenwood, Pennsylvania, filed a pro se civil-rights complaint arising from several incidents that happened while he was incarcerated at the Dauphin County Prison from November 2003 until December 14, 2004. After several preliminary reviews of the complaint, on December 13, 2006, we decided the case should proceed on the following constitutional claims: (1) the claim against Dennis Stewart, identified in the complaint as the major of security, that he kept Plaintiff in a restraint chair for two hours without a break; (2) the claim against defendant Hewitt for placing Plaintiff in a restraining chair; (3) the claims against defendants Hammer and Manny Rhoads for excessive force; and (4) the claim against Prime Care Medical for improper medical care.

We are considering the motion to dismiss of defendant Stewart under Fed. R. Civ. P. 12(b)(6). In deciding such a motion

we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in Plaintiff's favor. *See Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The complaint requires only a "short and plain statement" to show the right to relief, "not a detailed recitation of the proof that will in the end establish such a right." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 564 (3d Cir. 2002). Additionally, "'however inartfully pleaded,' the 'allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.'" *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)) (brackets in *Mitchell*).

II.    *Discussion*.

As Defendant Stewart points out, the complaint makes the following allegations against him. First, he is the major of security. Second, in pertinent part, although Plaintiff "had done nothing," Stewart:

> Is under the color of law to make sure the
> people under him in command are trained to
> keep security and order in the correctional
> facility. He is also to be an example under
> the color of the law. I had done nothing and
> he put bands [sic] on me as a block runner,
> under the color of law he allowed me to be
> left in the restraint chair over 2 hours
> without a 15 minute release, on or about 12-
> 14-04 morning . . .

(Compl., p. 4 (under "Defendant (8)")).

2

Defendant argues that this fails to state a claim against him for the following reasons. First, Plaintiff must allege a violation of federal law for a civil-rights claim, *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), but use of a restraint chair is governed by institutional policy, so Plaintiff is improperly trying to present a violation of a state-agency policy as a civil-rights claim.

We reject this argument because Plaintiff argues in his opposition brief that his restraint-chair claim is based on the Eighth and Fourteenth Amendments. There is authority that the use of a restraint chair in prisons is governed by federal constitutional provisions, and while not per se unconstitutional, must be for a valid penological purpose. *See, e.g., Fuentes v. Wagner*, 206 F.3d 335, 345-46 (3d Cir. 2000); *Brown v. Merline*, 2007 WL 1797652, at *6 (D.N.J); *Smith v. Ozmint*, 2007 WL 858749, at *34 (D.S.C.). Here, Plaintiff alleges he was placed in the chair for no reason. At this early stage of the litigation, this is sufficient, especially since Defendant has not briefed the constitutional issue, merely asserting without citation to authority that the length of time Plaintiff was allegedly left in the chair is not a violation of the Constitution or federal law. (Doc. 28, Supp. Br. at p. 6).

Defendant next argues that Plaintiff has failed to allege his personal involvement in the alleged wrongdoing. A civil-rights claim requires personal involvement. *Evancho v.*

3

*Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Such involvement can be shown by "actual knowledge and acquiescence." *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

We believe Plaintiff has made sufficient allegations of personal involvement against Stewart. He alleges that Stewart is supposed "to be an example" for those under him but "allowed" Plaintiff "to be left in the restraint chair over 2 hours without a 15 minute release." This implies that Stewart knew not only that Plaintiff had been put in the chair but also that it was for an improper purpose, yet failed to end the constitutional violation.[1]

Defendant also argues that Plaintiff has failed to allege he suffered any injury by his confinement in the chair. The lack of physical injury has no bearing on the cause of action itself. *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (noting the availability of nominal damages for constitutional violations).

Finally, Defendant argues in his reply brief that "the mere failure to prevent an alleged constitutional violation by another does not give rise to a claim under § 1983." (Doc. 47, p. 6). We disagree. *See Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)("[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment

---

[1] We therefore need not consider Plaintiff's additional allegations on this claim in his opposition brief.

4

violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.").

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,            :
      Plaintiff               :
                              :
      vs.                     :   CIVIL NO. 1:CV-06-0823
                              :
DAUPHIN COUNTY PRISON, et al.,    :
      Defendants              :

*O R D E R*

AND NOW, this 6th day of July, 2007, it is ordered that the motion (doc. 26) to dismiss of defendant Dennis Stewart is denied.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge