```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

NATHAN CHARLES GRIGGS,           :
      Plaintiff              :
                             :
      vs.                    :   CIVIL NO. 1:CV-06-0823
                             :
DAUPHIN COUNTY PRISON, et al.,   :
      Defendants             :

*M E M O R A N D U M*

We are considering two identical motions of the pro se plaintiff, Nathan Charles Griggs, to compel discovery from the defendants, based on motions docketed at doc. 39 and 42.

Griggs, an inmate at USP-Allenwood, White Deer, Pennsylvania, filed this civil-rights lawsuit arising from several incidents that happened while he was incarcerated at the Dauphin County Prison from November 2003 until December 14, 2004. After several preliminary reviews of the complaint, we decided the case would proceed on the following constitutional claims: (1) the claim against defendant, Dennis Stewart, identified in the complaint as the major of security, that he kept Plaintiff in a restraint chair for two hours without a break; (2) the claim against defendant Hewitt for placing Plaintiff in a restraining chair; (3) the claims against defendants Hammer and Manny Rhoads

for excessive force; and (4) the claim against Prime Care Medical for improper medical care.[1]

Both the Dauphin County Prison defendants and PrimeCare Medical treated the motions docketed at doc. No. 39 and 42 as discovery requests and did respond. Plaintiff found those responses deficient and hence filed his current motions to compel.

*Dauphin County Defendants' Response*
*to the Motions to Compel*

Plaintiff first seeks the grievance he supposedly filed on December 4, 2004. The Dauphin County Defendants assert that no such grievance exists and that all other grievance and request slips he filed between December 4, 2004, and December 14, 2004, were forwarded to him. Based on this response, we will not order the defendants to produce what does not exist.

Plaintiff next seeks the grievances he sent to Deputy Warden Nichols in April, May and June of 2004, asserting they are relevant to his claims against PrimeCare Medical. Dauphin County Defendants consider these requests irrelevant to the claims against them but have agreed to send Plaintiff any grievances or inmate request forms in his inmate file voicing complaints about the condition of his shoulder or medical treatment relating to it

---

[1] In their brief in opposition to the motions, the prison officers, Stewart, Hewitt, Hammer and Rose (misidentified as "Rhoades" by Plaintiff) argue that the claims really involve only one use of the restraint chair on December 14, 2004, involving Stewart, Hewitt and Rose and that the excessive-force claim on December 4, 2004, involved only Hammer.

that he submitted from April 1, 2004, through June 30, 2004. They represent they will do so within fifteen days of the filing of their brief on the motions to compel. Based on this representation, we will not order production of these documents.

Plaintiff next seeks a list of residents of the following cell blocks: (1) P3, from December 2 through December 14, 2004; (2) Q6, from April 12 through April 14, 2004; (3) P6, from December 3 through December 5, 2004; (4) P1 and P4, from December 3 through December 5, 2004; (4) and C block residents, top tier, first five cells mainly.[2]

Defendants object to these requests as overly broad, excessive in time and scope, seeking information irrelevant to the claims alleged, and as unduly burdensome. Defendants assert they have no way of searching the inmate records system by housing location to retrieve lists of inmates assigned in any given area on a specified date. If it were required, they would have to review thousands of inmate files to determine who was housed in the housing areas requested by Plaintiff on the dates in question.

Defendants answer, however, that they can search their records by an inmate's name or number to determine where the inmate was housed and have offered to do this for any inmate whose name Plaintiff could supply who has information on the events of

---

[2] The request for the C block residents does not appear to be part of the original discovery request.

December 4 and 14. We agree with Defendant's position and will not require production of these records.[3]

Plaintiff next requests the names and reports of all correctional officers involved in the incidents on December 4, 2004, and December 14, 2004, and the names of all the medical and CERT team officers for December 14. Defendants respond that they did supply the incident reports and documents relating to the incidents of December 4, 2004, and December 14, 2004, and that these documents contain the names of all correctional officers, supervisor staff and CERT team members involved in the events.

We are unsure of the nature of Plaintiff's difficulty with the defendants' response to this request. Defendants have supplied the information sought. The reports may not have been under oath, as the defendants speculate the problem is, but they were not required to be. We will not order production of these documents unless Plaintiff tells us he did not in fact receive them.

---

[3] We add that Plaintiff wanted these names for his conditions of confinement claim but that claim has already been dismissed.

4

We will issue an appropriate order.[4]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 26, 2007

---

[4] PrimeCare Medical has responded to the second motion to compel (doc. 58) but since the motion is not directed at information sought from PrimeCare Medical, and PrimeCare Medical represents that it has produced all relevant discovery, we need not deal with PrimeCare Medical's response.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS, :
    Plaintiff :
:
    vs.     CIVIL NO. 1:CV-06-0823
:
DAUPHIN COUNTY PRISON, et al., :
    Defendants :

*O R D E R*

AND NOW, this 26th day of October, 2007, it is ordered, based on Dauphin County Defendants' representations as to further discovery that will be made, and its other responses to the motions, Plaintiff's motions requesting that discovery be ordered (doc. 55 and 58) are denied.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge