IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,  :

    Plaintiff  :

  :

    vs.  :    CIVIL NO. 1:CV-06-0823

  :

DAUPHIN COUNTY PRISON, et al.,  :

    Defendants  :

*M E M O R A N D U M*

*I.    Introduction*

    We are considering a motion for summary judgment filed by Defendants Dennis Stewart, Russell Hewitt, Jason Hammer, and Manny Rose (doc. 63). Nathan Charles Griggs, a prisoner proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 claiming that Defendants' conduct in two incidents at Dauphin County Prison ("DCP") violated his federal constitutional rights. Upon review of the motion, which Griggs has not opposed, and the record, we will grant summary judgment in favor of the four Defendants.

*II.    Background*

    Griggs's civil rights complaint arises from incidents which occurred at DCP. As Griggs is proceeding in forma pauperis, we conducted an initial review of the complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed some of the claims but allowed Griggs to proceed on others. (doc. 11).

   A. *Griggs's Allegations*[1]

   Griggs alleges that on December 14, 2004, Defendant Dennis Stewart, the major of security at DCP, "put bands" him "as a block runner" when he had done nothing wrong. (doc. 1, p. 4). Additionally, Stewart left Griggs in a restraint chair for two hours without a fifteen-minute release. *Id*.

   According to Griggs, Defendant Russell Hewitt, a lieutenant of security at DCP, refused to change Griggs's handcuffs or notify DCP medical officials about an injury to Griggs's shoulder. *Id*. at 5. Griggs alleges that Hewitt had the C.E.R.T. activated and placed Griggs in a restraining chair because Hewitt had called him an "expletive-deleted word," and Griggs had responded: "Your Mom." *Id*.

   Griggs alleges that Defendant Jason Hammer came to his cell while he was flushing toilet paper and chess pieces down the toilet. *Id*. at 5-6. Hammer told him to stop and Griggs refused. Griggs alleges that Hammer then pushed him and other

---

[1] As noted, Griggs did not file a brief opposing summary judgment nor did he file a statement of material facts. In light of this, and because Defendants' statement of material facts focuses on its exhaustion of administrative remedies defense, we summarize the allegations for necessary background.

2

guards rushed into the cell.  *Id*. at 6.  Griggs was beaten up, and Hammer continually tried to knee him in the face.  *Id*.[2]

Griggs alleges that Defendant Manny Rose, apparently a prison guard, jumped on him from behind and threw him into a filing cabinet and other office furniture.  *Id*.  Griggs then fell to the floor, where he tried to protect his injured shoulder.  *Id*.  Rose squeezed Griggs's neck until Griggs let the guards have his arm.  *Id*.  The guards then placed his arm behind him, causing injury.  *Id*.

*B.  Statement of Material Facts*

Griggs has failed to submit a statement of material facts in response to Defendants' Statement of Material Facts. (doc. 65).  Accordingly, the material facts in Defendants' statement, if properly supported, are deemed admitted.  *Local Rule* 56.1.  The material facts are incorporated below.

Griggs was incarcerated at DCP numerous times between 1988 and 2004, notably, for our purposes, between February 12, 2004, and December 14, 2004.  Griggs's claims concern incidents which took place on December 4, 2004, and December 14, 2004. DCP has adopted Inmate Grievance Guidelines which are contained in the DCP Inmate Handbook issued to inmates.  To exhaust administrative remedies, DCP inmates must follow a four-step grievance process: (1) the inmate must submit a grievance for

---

[2] This incident purportedly occurred on December 4, 2004.  *See* doc. 65, ¶ 7 (citing Griggs's deposition).

review by the Warden, (2) the inmate must appeal the Warden's decision to the Chairman of the DCP Board of Inspectors, (3) the inmate must appeal the Chairman's decision to the full DCP Board of Inspectors, and (4) the inmate must appeal the DCP Board of Inspectors' decision to the Dauphin County Solicitor.

While incarcerated at DCP, Griggs was familiar with the DCP Inmate Handbook and submitted thirteen separate grievances between May 6, 2004, and December 13, 2004.  DCP officials investigated each grievance, and the Warden issued a written decision in response to each grievance.

With respect to the December 4, 2004, incident, Griggs claims that he never received a response to the grievance. Griggs, however, did not take any subsequent action to determine the status of the grievance regarding the December 4, 2004, incident.  DCP Warden Dominick DeRose did not receive a grievance from Griggs regarding the December 4, 2004 incident. Griggs did not submit a grievance or any other documents with respect to the December 14, 2004, incident.

*III.  Discussion*

    *A.  Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). Summary judgment must be entered for the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is "material" when it would affect the outcome of the trial under the governing law. *Anderson*, 477 U.S. at 248.

If the defendant relies on an affirmative defense as a basis for summary judgment, the defendant must establish the absence of a genuine issue of material fact for each element of the defense. *Harvey v. City of Philadelphia*, 253 F. Supp.2d 827, 829 (E.D. Pa. 2003). If the defendant satisfies this requirement, the plaintiff then has the burden of showing a genuine issue of material fact as to any element essential to the affirmative defense. *Id*. If the plaintiff does so, we must deny summary judgment. *Id*.

If a motion for summary judgment is unopposed, we may enter judgment in favor of the moving party if it is "appropriate." *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (quoting Fed. R. Civ. P. 56(e)).[3] An unopposed statement of material facts, however, may be deemed admitted if it is not controverted by the non-moving party. *Local Rule* 56.1.

*B. Griggs's § 1983 Claims*

We will dismiss Griggs's claims based on his failure to exhaust administrative remedies. With respect to prisoner civil rights claims, 42 U.S.C. § 1997e provides, in relevant part:

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law by a

---

[3] Federal Rule of Civil Procedure 56(e)(2) provides, in relevant part: "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

6

> prisoner confined in any jail, prison, or
> other correctional facility until such
> administrative remedies as are available are
> exhausted.

As noted by Defendants, the PLRA exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 620, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The prisoner must exhaust every step in the prison's grievance process without regard to any limitation on the relief available. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). If the prisoner has not exhausted available remedies, the court may not reach the merits of the claim. *Nyhuis v. Reno*, 204 F.3d 65, 73-74 (3d Cir. 2000).

Griggs's claims against the moving Defendants are governed by the PLRA and therefore require exhaustion of DCP's administrative remedies. The record demonstrates that there is no genuine issue of material fact regarding Griggs's failure to exhaust DCP's administrative remedies.

The first step of DCP's grievance process is the inmate's submission of a grievance for review and determination by the Warden. doc. 65, ¶ 3. Griggs concedes that he did not file a grievance regarding the December 14, 2004, incident. *Id*. ¶ 12. Therefore, he did not exhaust his administrative remedies for claims pertaining to this incident.

With respect to the December 4, 2004, incident, Defendants argue that Warden DeRose did not receive a grievance and there are no other documents in Griggs's file regarding the incident. (doc. 64, p. 7). Additionally, a search of DCP records as to Griggs's 2004 grievances produced no record of a December 4, 2004 grievance. It did, however, show that Griggs filed thirteen grievances regarding other matters in 2004. (doc. 66, ex. D). While Griggs claims to have filed the grievance and received no response (doc. 65, ¶ 7), he does not present any evidence supporting such a claim. Without such evidence, Griggs has not rebutted Defendants' assertions that Griggs failed to exhaust his administrative remedies for the December 4, 2004, incident.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 7, 2007

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NATHAN CHARLES GRIGGS,          :
        Plaintiff               :
                                :
        vs.                     :    CIVIL NO. 1:CV-06-0823
                                :
DAUPHIN COUNTY PRISON, et al.,  :
        Defendants              :
```

*ORDER AND JUDGMENT*

AND NOW, this 7th day of December, 2007, upon consideration of Defendants' Motion for Summary Judgment (doc. 63) and the record, and based on the accompanying Memorandum, it is hereby ordered that:

    1. The individual Defendants' Motion for Summary Judgment is granted;

    2. Judgment is entered in favor of Dennis Stewart, Russell Hewitt, Jason Hammer, and Manny Rose, and against the Plaintiff.

                                    <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge