IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS, :
    Plaintiff :
:
    vs.                CIVIL NO. 1:CV-06-0823
:
DAUPHIN COUNTY PRISON, et al., :
    Defendants :

*M E M O R A N D U M*

*I.    Introduction*

We are considering a motion for summary judgment from Defendant PrimeCare Medical, Inc. (doc. 73) in this civil rights lawsuit filed by Nathan Charles Griggs, an inmate at U.S.P. Allenwood. Griggs's claims concern the treatment of a shoulder injury which ultimately resulted in the "awkward" healing of his shoulder. According to Griggs, PrimeCare's diagnosis and delayed treatment of his shoulder violated his Fifth, Eighth, and Fourteenth Amendment rights.[1] Upon review of the motion and the record, we will grant summary judgment in favor of PrimeCare.

---

[1] The Fifth Amendment is not applicable here because Griggs's claims concern state, not federal, officers. *See Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54-55 (3d Cir. 1983). The Eighth Amendment is applicable to the states through the Fourteenth Amendment's Due Process Clause. *Baze v. Rees*, __ U.S. __, 128 S. Ct. 1520, 1529, 170 L. Ed.2d 420 (2008) (citing *Robinson v. California*, 370 U.S. 660, 666 (1962)).

*II. Background*

Griggs's complaint arises from incidents which occurred while he was incarcerated at Dauphin County Prison. As Griggs is proceeding in forma pauperis, we conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing some claims and allowing Griggs to proceed on others. (docs. 11, 17).[2]

    *A. Griggs's Allegations Against PrimeCare Medical*

Griggs's complaint presents his claim against PrimeCare as follows:

> I told them when I came to prison I had an appointment to see a specialist for my shoulder. I was told I had a sprain. I was told I had bursitis. If I would have had treatment in the proper way I would not be a [sic] limited as I am now. No movement was done to get me to outside help under the color of law until on or about September 16 2004. Then it was only a phonecall [sic] to the U.S. Marshal's Office. Prime Care Medical Receptionist was told U.S. Marshal's would not give their permission for me to go to outside treatment, because they, being the U.S. Marshals were coming to get me soon. I did not see or hear from a U.S. Marshal until 12-8-05. Under the color of the law I was finally taken to outside medical on or about November 16, 04. It was shown to have been heeled [sic] in an awkward manner.

(doc. 1, at "Defendant 16").

---

[2] For a summary of the allegations against Dennis Stewart, Russell Hewitt, Jason Hammer, and Manny Rose, *see* doc. 68, pp. 1-4. Other defendants were previously dismissed. *See* docs. 11, 17, 18.

2

*B. Statement of Material Facts*

Griggs did not file a counterstatement of material facts in response to Prime Care Medical's statement of material facts (doc. 74). *See Local Rule* 56.1 (requiring "a separate, short and concise statement of the material facts" responding to the numbered paragraphs in the moving party's statement of material facts). Failure to do so results in the admission of the moving party's material facts. *Id*. ¶ 4.

### 1. Injury and Medical Treatment

Griggs was incarcerated at Dauphin County Prison ("DCP") during the events referred to in his complaint. PrimeCare Medical ("PC") Statement of Material Facts ("SMF"), ¶ 1. PrimeCare provides medical care to DCP inmates. *Id*. ¶ 2.

Prior to Griggs's incarceration at DCP on November 29, 2003, he sustained a shoulder injury during a street fight. *Id*. ¶ 3. Griggs received medical treatment for the shoulder injury at Holy Spirit Hospital the day after the fight. *Id*. ¶ 4. At Holy Spirit, Griggs made an appointment to see a specialist about his shoulder, but he was incarcerated before the appointment date. *Id*. ¶ 5.

After arriving at DCP, PrimeCare provided Griggs with painkillers to relieve the pain from his shoulder injury. *Id*. ¶ 6. Dr. Jackson, a PrimeCare employee, diagnosed Griggs with a sprained shoulder and in April 2004, requested that Griggs see an outside specialist for his shoulder injury. *Id*. ¶¶ 7, 8.

Griggs did not see an outside physician until October and November 2004, when he was transported to Hershey Medical Center. *Id*. ¶ 9. According to Griggs, prison officials informed him that the delay in obtaining outside medical treatment occurred because he is a federal inmate. *Id*. ¶ 10.

When Griggs was examined at Hershey Medical Center, he was told that he may need surgery for his shoulder. *Id*. ¶ 11. According to Griggs, however, doctors could not perform the surgery because Griggs was going to be "sent to the state and then to the Feds." *Id*. ¶ 12. On December 14, 2004, Griggs was transferred from DCP to State Correctional Institution-Camp Hill. *Id*. ¶ 13.

### 2. Administrative Remedies

DCP has adopted Inmate Grievance Guidelines which are contained in the DCP Inmate Handbook issued to inmates. *Id*. ¶ 14. To exhaust DCP's administrative remedies for a grievance, an inmate must follow a four-step process: (1) the inmate must submit a grievance for review by the Warden, (2) the inmate must appeal the Warden's decision to the Chairman of the DCP Board of Inspectors, (3) the inmate must appeal the Chairman's decision to the full DCP Board of Inspectors, and (4) the inmate must appeal the DCP Board of Inspectors' decision to the Dauphin County Solicitor. *Id*. ¶ 16.

While incarcerated at DCP, Griggs submitted thirteen separate grievances between May 6, 2004, and December 13, 2004.

4

*Id.* ¶ 18. DCP officials investigated each grievance, and the Warden issued a written decision in response to each grievance. *Id.* ¶ 19. Additionally, Griggs submitted nine grievances between March 1, 2004, and October 7, 2004, concerning the pain in his shoulder, his dissatisfaction with the pain medication, and his frustration regarding the delay in seeing a specialist. *See* doc. 81, pp. 11-13. Griggs, however, did not complete the appeal process for inmate grievances with respect to his claims against PrimeCare. (doc. 76, ex. B). *See also* doc. 1, ¶ II.C (Griggs's admission that the process was not completed).

*III. Discussion*

    *A. Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, we may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, we must construe facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). Summary judgment must be entered for the

moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* at 586-87 (citations omitted).

The moving party bears the initial responsibility of stating the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. It can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

An issue is "genuine" "only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is "material" when it would affect the outcome of the trial under the governing law. *Anderson*, 477 U.S. at 248.

If the defendant relies on an affirmative defense as a basis for summary judgment, the defendant must establish the absence of a genuine issue of material fact for each element of the defense. *Harvey v. City of Philadelphia*, 253 F. Supp.2d 827, 829 (E.D. Pa. 2003). If the defendant satisfies this requirement, the plaintiff then has the burden of showing a genuine issue of material fact as to any element essential to the affirmative defense. *Id*. If the plaintiff does so, we must deny summary judgment. *Id*.

6

B.  *Griggs's Claims Against PrimeCare*

We will dismiss Griggs's Eighth Amendment claim against PrimeCare medical for the same reason supporting our previous dismissal of some of the other defendants: Griggs's failure to exhaust administrative remedies.  With respect to prisoner civil rights claims, 42 U.S.C. § 1997e, provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As noted by PrimeCare, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002).  The prisoner must exhaust every step in the prison's grievance process without regard to any limitation on the relief available.  *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed.2d 958 (2001).  If the prisoner has not exhausted available remedies, the court may not reach the merits of the claim.  *Nyhuis v. Reno*, 204 F.3d 65, 78 (3d Cir. 2000).

Griggs's claims against PrimeCare are governed by 42 U.S.C. § 1997e and therefore require exhaustion of DCP's administrative remedies.  While Griggs has submitted copies of

numerous Inmate Grievance Forms concerning treatment of his shoulder injury, this is only the first step of the four-step inmate grievance process at DCP. *See supra*, at 4. Griggs has not submitted any evidence demonstrating that he exhausted the DCP grievance process. The DCP warden has no record of appeals of Griggs's grievances against PrimeCare. (doc. 76, ex. B). Additionally, Griggs admitted that he did not complete the grievance process in his complaint. (doc. 1, ¶ II B, C). Griggs was required to exhaust every step in the prison grievance process. His failure to do so requires us to dismiss his claim against PrimeCare.

Even without Griggs's failure to exhaust, PrimeCare would not be liable under 42 U.S.C. § 1983. PrimeCare, as an entity, cannot be held liable for the acts of its employees under respondeat superior or vicarious liability. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978)). To hold PrimeCare liable, Griggs "must provide evidence that there was a relevant [PrimeCare] policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Id.* (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed.2d 626 (1997)).

"A policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.'" *Id.* (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996)). A "custom" need not be formally approved by a decisionmaker but must be "'so widespread as to have the force of law.'" *Id.* (quoting *Bryan County*, 520 U.S. at 404). An employee's acts are the result of a policy or custom in three situations: (1) where the act complained of is an implementation of a statement of policy; (2) where the policymaker itself violates federal law; and (3) "where 'the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policy maker can reasonably be said to have been deliberately indifferent to the need.'" *See Natale*, 318 F.3d at 584 (quoting *Bryan County*, 520 U.S. at 417-18).

Griggs's claim against PrimeCare concerns the delay in treating his shoulder injury. Griggs does not allege that a policy or custom of delay in providing appropriate medical care caused his injury. Nor does Griggs allege or provide evidence supporting an obviously inadequate practice by PrimeCare that was likely to result in a violation of Eighth Amendment rights.

Therefore, PrimeCare may not be liable under § 1983.[3] We will issue an appropriate order granting PrimeCare's motion for summary judgment and entering judgment in favor of PrimeCare.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 19, 2008

---

[3] Additionally, the record is unclear regarding whether the delay can even be attributed to the actions of PrimeCare employees. According to Griggs, a PrimeCare doctor recommended that he see an outside specialist in April 2004 (doc. 81, p. 2), but his visit did not occur until about September 16, 2004, due to the need for permission from the U.S. Marshal's Office. (doc. 1, at "Defendant 16"). In his deposition, Griggs claimed that he was told that the delay was "partly because I was a federal inmate . . . ." (doc. 76, ex. A, p. 75).

IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NATHAN CHARLES GRIGGS,         :

        Plaintiff              :
                               :
        vs.                    :      CIVIL NO. 1:CV-06-0823
                               :
DAUPHIN COUNTY PRISON, et al., :

        Defendants             :


                        *ORDER AND JUDGMENT*

        AND NOW, this 19th day of June, 2008, upon

consideration of Defendant's Motion for Summary Judgment (doc.

73), filed January 29, 2008, review of the record, and based on

the accompanying Memorandum, it is hereby ordered that:

        1. Defendant PrimeCare Medical, Inc.'s
        Motion for Summary Judgment is granted;

        2. Judgment is entered in favor of
        Defendant PrimeCare Medical, Inc. And
        against the Plaintiff;

        3. The Clerk of Court shall close this
        file.


                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge